## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

J'MAR GRIER,                          :
                                      :
          **Plaintiff,**              :        **Civil Action**
                                      :        **No. 5:08-cv-277 (CAR)**
**v.**                                :
                                      :
**GEORGIA DEPARTMENT OF,**            :
**PUBLIC SAFETY, *et al.*,**          :
                                      :
          **Defendants.**             :
_____ :

## ORDER ON MOTION TO DISMISS

In this case, which was removed to this Court from the State Court of Bibb County, Plaintiff brings claims under 42 U.S.C. § 1983 and under Georgia tort law against Defendants Georgia Department of Public Safety ("GDPS"), Colonel Bill Hitchens in his official capacity as the Chief Executive Officer of the GDPS, and Willie Richardson, Individually and in his official capacity as a Trooper with the Georgia State Patrol.  Plaintiff's claims arise from his arrest on July 19, 2006. Defendants have moved to dismiss Plaintiff's claims against the GDPS, Hitchens, and Richardson in his official capacity.  Upon review of the allegations in the Complaint, the Court finds that Plaintiff's Section 1983 claims against the GDPS and his official capacity claims against Hitchens and Richardson are barred because the State of

1

Georgia is not an entity subject to suit under Section 983.  Plaintiff's state law tort claims are barred by the provisions of Georgia Tort Claims Act.  To the extent that Plaintiff's Complaint attempts to plead a claim against Hitchens in his individual capacity for failure to train, the Complaint fails to state a claim upon which relief may be granted.  Accordingly, and for the reasons set forth below Defendants' Partial Motion to Dismiss (Doc. 3) is hereby **GRANTED**.

I.      **Factual Allegations in the Complaint**

On motion to dismiss, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).  The primary allegation of the Complaint is that Plaintiff was injured as a result of an excessive use of force during his arrest.  The Complaint describes the incident as follows:

> On or about July 19, 2006, Plaintiff was driving a 1990s model Chevy Caprice in downtown Forsyth, Georgia when Defendant Richardson activated a traffic stop on his vehicle for an alleged traffic violation. Plaintiff subsequently fled the scene of the stop on foot and was pursued by Defendant Richardson on foot for approximately a half block.  When Plaintiff, who was unarmed, stopped and surrendered to Defendant Richardson, Defendant Richardson unlawfully and intentionally committed an assault and battery upon the Plaintiff in that Defendant

> inflicted serious bodily injury upon and against the Plaintiff, by violently
>
> striking Plaintiff in the head with his flashlight.

Complaint ¶¶ 6-8 (Paragraph numbers omitted).  Plaintiff contends that the blow from

the flashlight caused him to sustain injuries to his skull, face, and body, including a

fractured skull.

The Complaint alleges that Richardson was acting in the course of his

employment and in his capacity as Trooper with the Georgia State Patrol.  The

Complaint further alleges that Hichens was acting in his official capacity as Chief

Executive Officer of the GDPS in his alleged failure to train and supervise

Richardson. **II.      Claims Against GDPS and Official Capacity Claims Under**

**Section 1983**

Plaintiff's Section 1983 claims against GDPS and against Richardson and

Hichens in their official capacity are barred because neither a State nor its officials

acting in their official capacities are "persons" subject to suit under Section 1983.

Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Plaintiff concedes in

his Complaint that the Georgia Department of Public Safety is "a department of the

State of Georgia charged with the responsibility of operating and managing all posts,

divisions, and troopers . . . of the Georgia State Patrol."  Complaint ¶ 2.  As such, it

is an arm of the State of Georgia and is not subject to suit under section 1983.  Claims

against officers in their official capacity are simply claims against the agency for

which they work.   Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")

## III.   State Law Claims

Plaintiff's State law claims are barred by Georgia's sovereign immunity and by the Georgia Tort Claims Act.  As a sovereign entity, the State of Georgia cannot be sued in its courts or in any other without its consent.  State Bd. of Educ. v. Drury, 263 Ga. 429, 430 (1993).   In enacting the Georgia Tort Claims Act ("the Act"), Georgia has granted a limited waiver of its sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment." O.C.G.A. § 50-21-22(a).  This waiver is subject to various limitations and exceptions specified in the Act, and acts as a waiver "only to the extent and in the manner provided in [the Act] and only with respect to actions brought in the courts of the State of Georgia."  O.C.G.A. § 50-21-22(b).  The State does not waive any immunity with respect to actions brought within the courts of the United States.  Id.

The claims brought by Plaintiff fall within the exceptions to the Act, and as such are barred from suit by sovereign immunity and by the provisions of the Act. Defendants Richardson and Hitchens are both personally immune from suit under the Act.  Plaintiff alleges that the Defendants are liable to him for a tortious assault

committed by Richardson during Plaintiff's arrest.  The Act further provides absolute immunity to state officers or employees for acts within the scope of their official duties or employment.  O.C.G.A. § 50-21-24(a).  This immunity applies even to intentional wrongful conduct.  See Davis v. Standifer, 275 Ga.App. 769, 771 (2005).  The immunity provided by the Act protects state officers and employees even for acts motivated by malice or intent to injure, so long as they occur while the officer or employee is acting within the scope of his official duties or employment.  Ridley v. Johns, 274 Ga. 241, 242 (2001).  The use of force in effecting an arrest is within the scope of a State Patrol trooper's official duties and employment.  As to Defendant Hitchens, the establishment of policies and procedures for the use of force and for training officers in the use of force is likewise within the scope of his official duties as Chief Executive Officer of the GDPS.

The State is also immune from suit.  The Act specifically provides that the State shall have no liability for losses resulting from "[a]ssault, battery, false imprisonment, [or] false arrest."  O.C.G.A. § 50-21-24(7).  The injuries for which Plaintiff seeks redress in this case arise from an alleged assault by Richardson.  Because such injuries are excepted in the Act, Georgia has not waived its sovereign immunity from suit in this case.

Moreover, Georgia has not waived its sovereign immunity by removing this case to federal court. By removal, a State may waive its Eleventh Amendment immunity from suit in federal court. See Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002). This consent to litigation in a federal forum does not, however, necessarily entail a waiver of a State's sovereign immunity from suit under its own state laws. The Supreme Court has explained that the immunity from suit in federal court provided by the Eleventh Amendment is distinct from the broader immunity that States possess as sovereign entitities:

> [T]he sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.

Alden v. Maine, 527 U.S. 706, 713 (1999). Even if it has consented to suit in a federal forum, Georgia maintains its inherent immunity from suit under its own laws. Any waiver of this immunity is limited to the express waiver provided in the Georgia Tort Claims Act. This Court cannot hold Defendants liable under Georgia law when Georgia law provides that Defendants cannot be held liable.

## IV.   Individual Capacity Claims Against Hitchens Under Section 1983

To the extent that Plaintiff seeks to bring claims under Section 1983 against Defendant Hitchens in his individual capacity, he has failed to state a claim upon which relief may be granted.  It is not clear from the Complaint that Plaintiff intends to bring such an individual capacity claim.  The caption of the Complaint names Hitchens only in his official capacity.   In the paragraph of the Complaint that describes the substantive allegations against Hitchens, Plaintiff states

> Colonel Bill Hitchens **in his official capacity** [as] the Chief Executive
> Officer of the Georgia Department of Public Safety failed to provide
> proper training, instruction and supervision for Defendant Richardson
> thereby resulting in the acts and omissions of the Defendant Richardson
> that allowed and perpetuated the assault and abuse inflicted upon
> Plaintiff.

Complaint ¶ 13 (mislabeled as ¶ 11) (emphasis added).  Nevertheless, Plaintiff's arguments in response to Defendants' Motion to Dismiss suggest that Plaintiff may have intended to state a claim against Hitchens in his individual capacity.

The facts alleged in the Complaint fail to support such a claim, however.  Although the liberal "notice pleading" standard codified in Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must at least provide factual allegations sufficient "to raise a right to relief above the speculative

7

level." <u>Id</u>., 127 S.Ct. at 1965.  These allegations need not be detailed but must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Id</u>.

As to any claim against Hitchens in his individual capacity, Plaintiff's Complaint states a conclusory allegation of liability based on a failure to train or supervise, but fails to allege facts that would raise the right to relief above a speculative level.  A claim under Section 1983 against the head of a government agency based on the isolated act of an employee of that agency requires a showing of significant connection between the supervisory official's acts and the employee's constitutional violation.  "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).  "[T]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."   <u>Braddy v. Florida Dept. of Labor and Employment Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998)   Supervisory liability under Section 1983 "occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  <u>Id</u>.

Such a causal connection between the acts of a supervising official and a subordinate's constitutional violation can be established "when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir.2003)).  A causal connection may also be established when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so."  Id.

The allegations in the Complaint fail to raise a claim of constitutionally inadequate training and supervision above the speculative level.  There is no allegation in this case that Hitchens was present when Richardson arrested Plaintiff, or participated in any way in the arrest.  Instead, the Complaint alleges that Hitchens failed to train and supervise Richardson sufficiently.  The Supreme Court has held that inadequate police training "may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  To establish such deliberate indifference, a plaintiff must show that the supervisory defendant "knew of a need to train and/or supervise in a particular area

9

and . . . made a deliberate choice not to take any action." <u>Gold v. City of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998).  The Eleventh Circuit has acknowledged that the "high standard of proof" for failure to train claims "is intentionally onerous for plaintiffs." <u>Id</u>. at 1351 n. 10.  A lower standard, the Court explained, would equate to imposing *respondeat superior* liability.  <u>Id</u>.

Plaintiff's Complaint fails to give any indication that Hitchens knew of a need to train or supervise Richardson in a particular area.  There is no indication of the extent of training the GDSP provided or the extent to which this training was overseen by Hitchens.  There is no allegation of a pattern of conduct by Richardson or any other officers of the State Patrol that would have given Hitchens notice of a need for additional or different training in a particular area.  There is no description of any specific additional training that would have prevented an incident such as the one alleged.  The Complaint in fact concedes that Richardson's alleged actions were "a violation of Defendants' own practice and procedures as noted in its Defense Tactics Manual."  Complaint, ¶ 17 (mislabeled as ¶ 15).  In the absence of any such allegations, the Complaint fails to allege the causal connection required to impose supervisory liability against Hitchens.  <u>See</u> <u>Cottone</u>, 326 F.3d at 1362.  Any claims against Hitchens in his individual capacity are purely conclusory and speculative, and

insufficient to state a claim upon which relief can be granted.  To the extent that the Complaint sets forth such claims against Hitchens, they are dismissed.

For the reasons set forth above, all claims against Defendants Hitchens and Georgia Department of Public Safety are hereby **DISMISSED**.  Plaintiff's claims against Defendant Richardson in his official capacity are also dismissed.   The only claims remaining for resolution in this case are Plaintiff's Fourth Amendment unreasonable seizure claims against Defendant Richardson in his individual capacity. The Parties' Joint Motion to Stay (Doc. 15) is moot, and is therefore **DISMISSED**.

**SO ORDERED** this 20th day of January, 2009.


S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

chw

11